Herbert **WHITLOCK**, et al., Plaintiffs,

v.

Adrienne **JOHNSON**, et al., Defendants.

No. 94 C 5699.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 24, 1997.

Thomas Peters, Chicago, IL, for Plaintiffs.

Thomas L. Ciecko, Asst. Atty. General, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Herbert Whitlock ("Whitlock"), Stanley Wrice ("Wrice") and Bennie Lopez ("Lopez"), all of whom are currently in custody at Stateville Correctional Center ("Stateville"), have recently become the name plaintiffs in this 42 U.S.C. § 1983 ("Section 1983") action. They seek declaratory and injunctive relief, both individually and on behalf of a class of Stateville inmates (the "Inmate Class"), against a group of present or former Stateville officials alleged to be members of, or to have supervisory control over, the Stateville Adjustment Committee ("Adjustment Committee").[1] Like the earlier versions of the complaint, the current Second Amended Class Action Complaint charges defendants with having violated the Fourteenth Amendment procedural due process rights of each member of the Inmate Class by denying him the right to call witnesses during a disciplinary hearing before the Adjustment Committee.

This Court's June 9, 1997 opinion (the "Opinion," 173 F.R.D. 494[2]) decided several then-pending motions:

---

**1.** Defendants comprise Adrienne Johnson ("Johnson"), Melvin Allen ("Allen") and George DeTella ("DeTella"). Allen and Johnson are sued in both their personal and official capacities, while DeTella is sued only in his official capacity as Stateville's Warden.

**2.** Citations to the Opinion will read "Opinion at—," reflecting the F.R.D. page number but omitting the volume number.

1. It denied defendants' motion to decertify the Inmate Class.

2. It granted defendants' Fed.R.Civ.P. ("Rule") 56 motion for summary judgment against the original name plaintiff, Fares Umar, on his individual Section 1983 claim.

3. It denied both sides' cross-motions for summary judgment as they pertained to the declaratory and injunctive claims of the Inmate Class, without prejudice to the reassertion of those claims at an appropriate future time.

That appropriate future time has arrived. It has been stipulated by the litigants that newly-added name plaintiff Whitlock is a proper class representative,[3] thus curing the procedural infirmity that had earlier prevented this Court from addressing the merits of the cross-motions.

It should be repeated at the outset that, as this Court has previously held (Opinion at 502), the remaining claims for prospective injunctive and declaratory relief are indeed actionable under Section 1983 (see *Edwards v. Balisok*, —— U.S. ——, ———– ——, 117 S.Ct. 1584, 1588–89, 137 L.Ed.2d 906 (1997)). Whitlock now moves for summary judgment as to both his individual claim and that of the Inmate Class. In turn, defendants have renewed their cross-motion for summary judgment on all claims. At this point the motions are fully briefed and ready for decision, and there is no need to restate the facts that apply to the motions, as they have been set out in Opinion at 496–99. For the reasons stated in this memorandum opinion and order, the Inmate Class' motion for summary judgment is granted, Whitlock's summary judgment motion is also granted and defendants' summary judgment motion is correspondingly denied.

### Summary Judgment Standards

Familiar Rule 56 principles impose on a party seeking summary judgment the burden of establishing the lack of a genuine issue of

material fact (*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). For that purpose this Court must "read[ ] the record in the light most favorable to the non-moving party," although it "is not required to draw unreasonable inferences from the evidence" (*St. Louis N. Joint Venture v. P & L Enters., Inc.*, 116 F.3d 262, 265 n. 2 (7th Cir.1997)). Where as here cross-motions for summary judgment are involved, it is necessary to adopt a dual perspective—one that this Court has often described as Janus-like—that sometimes involves the denial of both motions. That problem does not arise here because the underlying facts are not in dispute. Instead the parties are at odds about whether as a matter of law the Adjustment Committee's treatment of inmates' requests to call witnesses during disciplinary hearings at which good-time credits are at stake violates the Due Process Clause.

### Section 1983    Claim of the Inmate Class

What is at issue here is the Adjustment Committee's practice of barring all in-person witness testimony sought to be adduced by prisoners at their disciplinary hearings, instead "calling" witnesses only via the presentation of their statements as filtered through ex parte interviews by an unsworn hearing investigator. There is a narrow exception to that uniform rule in the rare situation in which an inmate witness is "readily available" to the Adjustment Committee because he himself is being heard personally at the same time on a disciplinary matter of his own (Opinion at 498).

Due process requires certain procedural protections before a prison inmate can be deprived of a constitutionally protected liberty interest in earned good-time credits (*Wolff v. McDonnell*, 418 U.S. 539, 556–58, 563–72, 94 S.Ct. 2963, 2974–76, 2978–82, 41 L.Ed.2d 935 (1974)). Illinois law creates just such a liberty interest (see *Hamilton v.*

---

**3.** In that respect, it has been agreed that in advance of his disciplinary hearing Whitlock requested, but was denied, the opportunity to present the testimony of three witnesses. Although there appears to be a genuine issue of material

fact as to whether Wrice and Lopez also requested witness testimony during their respective hearings (and thus are members of the Inmate Class), only one viable class representative is needed.

**618**

*O'Leary,* 976 F.2d 341, 344 (7th Cir.1992)). *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), though it rejected a broader approach to the "liberty interest" concept than had earlier been expressed in *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), has essentially reconfirmed that a liberty interest is implicated (thus triggering an inmate's entitlement to due process protection) if "the State's action will inevitably affect the duration of his sentence" (*id.* at 487, 115 S.Ct. at 2302). Accordingly the procedure used by the Adjustment Committee to revoke an inmate's good-time credits must at a minimum comport with the requirements of procedural due process.

■ *Black v. Lane,* 22 F.3d 1395, 1402 n. 9 (7th Cir.1994), in reliance on *Wolff,* 418 U.S. at 563–67, 94 S.Ct. at 2978–80, outlines what the Constitution demands in that context:

As this court has noted, prison disciplinary hearings must meet the following requirements to satisfy the Due Process Clause:

1. Written notice of the charge against the prisoner, given at least twenty-four hours prior to the hearing.

2. The right to appear in person before an impartial hearing body.

3. The right to call witnesses and to present documentary evidence, when to do so will not unduly jeopardize institutional safety or correctional goals.

4. A written statement of reasons for the disciplinary action taken.

Here the Inmate Class' claim relates only to the third of those constitutional guaranties: the right to call witnesses at prison disciplinary hearings, subject to the limitations expressed in *Black.*

Although the right to present evidence is necessarily basic to a fair hearing, *Wolff* teaches that the "closed, tightly controlled environment" of a prison (418 U.S. at 561, 94 S.Ct. at 2977) circumscribes an inmate's ability to exercise that right by calling witnesses during disciplinary proceedings (*id.* at 566, 94 S.Ct. at 2979):

It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required.

And in elaborating on that balancing process, *Wolff, id.,* 418 U.S. at 566–67, 94 S.Ct. at 2979–80 confirmed the discretion conferred on prison officials:

Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

That degree of discretion of course imposes a corresponding limitation on judicial review of the prison officials' decisions (in this instance the decisions of the Adjustment Committee).

■ But post-*Wolff* it has been made equally clear that such a hearing body's discretionary authority is not unbounded. As *Ponte v. Real,* 471 U.S. 491, 498, 105 S.Ct. 2192, 2196, 85 L.Ed.2d 553 (1985) has explained:

But to hold that the Due Process Clause confers a circumscribed right on the inmate to call witnesses at a disciplinary hearing, and then conclude that no explanation need ever be vouched for the denial of that right, either in the disciplinary proceeding itself or if that proceeding be later challenged in court, would change an admittedly circumscribed right into a privilege conferred in the unreviewable discretion of the disciplinary board. We think our holding in *Wolff* meant something more than that.

Thus while the *Wolff*-dictated showing needed to support the denial of an inmate's witness requests is not overly demanding,[4] it

---

4. As *Ponte,* 471 U.S. at 497, 105 S.Ct. at 2196 also said:

Explaining the decision [not to permit witness testimony] will of course not immunize prison officials from a subsequent court challenge to

still obligates the Adjustment Committee to determine on a case-by-case basis whether allowing in-person witness testimony during a disciplinary proceeding would indeed threaten institutional safety or correctional goals. *Forbes v. Trigg,* 976 F.2d 308, 317 (7th Cir.1992) confirms that obligation:

> The Constitution requires that a determination be made on a case-by-case basis that requested witnesses pose institutional problems.

■ Hence despite its entitlement to a limited scope of judicial review, the Adjustment Committee cannot constitutionally convert its right to exercise discretion into the nonexercise of discretion. As discussed in Opinion at 498, the Adjustment Committee nearly always denies without explanation requests for in-person witness testimony and instead delegates the responsibility of interviewing requested witnesses to an unsworn hearing investigator. And before its routine denial of prisoner requests, the Committee makes no attempt to determine whether a proposed witness' testimony would be "unduly hazardous to institutional safety or correctional goals."

It would do violence to a respected figure of speech to label the Committee's practice in that respect as a bright-line rule—it is instead a dark-line rule. It does not merely qualify an inmate's right to call witnesses—it eviscerates that right. Two decades ago *Hayes v. Walker,* 555 F.2d 625, 629 (7th Cir.1977) said that "[d]ue process does not permit the automatic exclusion of the right to call witnesses." And far more recently the *Forbes* insistence that witness requests must be evaluated on a case-by-case basis (976 F.2d at 317) has reconfirmed the continued viability of that proposition.

■ In sum, the procedure used by the Adjustment Committee to revoke an inmate's good-time credits fails to satisfy even the minimum requirements of procedural due process. That procedure thus violates the Inmate Class' Fourteenth Amendment right

to call witnesses, as qualified as that right may be under controlling case law.

### Individual Claims

By definition what has been said as to the Inmate Class applies equally to its class representative Whitlock. Defendants have also violated his individual Fourteenth Amendment procedural due process rights. But because this action asks only for declaratory and injunctive relief (no damages are sought under Section 1983):

1. No other or added relief is called for by reason of Whitlock's individual success.

2. Wrice's and Lopez' individual claims are dismissed as moot for the same reason (obviating any need to resolve any factual issues regarding their claims).

### Conclusion

Because there are no genuine issues of material fact, both the Inmate Class and Whitlock individually are entitled to a judgment as a matter of law. Their Rule 56 motions are granted, while defendants' motion is denied. And as stated in the preceding section, the Wrice–Lopez claims are dismissed as moot. Finally, this Court declares that the Adjustment Committee's policy violates the Due Process Clause and enjoins the future application of that policy.

This action is therefore set for a status hearing at 8:45 a.m. December 8, 1997. Before that date the parties are directed to confer as to the proposed form of a final injunction order to be entered at that time (with a copy of the proposed order—or if the parties are not in agreement as to such form, then copies of their respective proposed orders—to be delivered to this Court's chambers on or before December 4, 1997).

---

their decision, but so long as the reasons are logically related to preventing undue hazards to "institutional safety or correctional goals,"

the explanation should meet the due process requirements as outlined in *Wolff*.